De Wolf
v.
Brown.

## GEORGE TRACY *et al. versus* JESSE JENKS.

A deed of mortgage executed, acknowledged and recorded after sunset on Sunday evening, is not void as against a subsequently attaching creditor of the mortgager, it not being within the provisions of *St.* 1791, *c.* 58, which prohibits under a penalty, the doing of any manner of labor, business or work between the midnight preceding and the sunsetting of the Lord's day, and declares void the execution of any civil process, from midnight preceding to midnight following that day.

The .original certificate of the register of deeds as to the time when a mortgage deed was received and recorded, is conclusive as between the mortgagee and a creditor who has attached the mortgaged land subsequently to the time stated in such certificate.

WRIT of entry. At the trial, before *Wilde* J., it appeared that the demandants claimed under the levy of certain executions against E. and A. Mason, issued upon writs bearing the date of May 28, 1832. The demanded premises were attached by virtue of these writs one second past 12 o'clock A. M. on May 28, 1832.

The tenant claimed under a deed from E. Mason, one of the original owners of the demanded premises, by which, as the tenant alleged, one undivided half thereof was conveyed to him in mortgage, to secure the payment of the sum of $2000. It was proved that the mortgage was made on Sunday evening, May 27, 1832, and acknowledged the same evening, at about 10 o'clock.

Tracy
v.
Jenks.

The tenant also claimed possession of the whole of the premises by virtue of a lease for the term of ten years, from E. and A. Mason, dated January 9, 1828, but which was not acknowledged. There was no evidence produced that the lessee had ever been in possession before the service of the demandants' writs.

A certificate of the register of deeds was indorsed on the mortgage deed, and also on the lease, stating that on May 27, 1832, they were received and recorded in book No. 25, page 487, and examined.

The demandants then produced a copy of the following entry made by the register in book No. 25, page 487, in relation to the mortgage deed : " May 27, 1832. Received and recorded from the original by Richard Whiting, Register N. B. The above deed was taken from this office on Monday, 28th May, 1832, about 2 o'clock, P. M., before it was recorded, and returned back to the office on Wednesday 30th May, about 10 o'clock, A. M." This extract was duly certified by the register of deeds. The demandants also produced a similar certificate as to the lease. The mortgage deed contained a conveyance of personal property, and it was admitted that the object in taking it from the register's office, was to put it on the town record.

It was proved, that E and A. Mason were in failing circumstances on May 27, 1832, and actually failed on the next day.

It was agreed, that the Court might, upon these facts, order a nonsuit or default, or grant a new trial, as law and justice might require.

*Sept. 11th.*    *C. A. Dewey* and *Robinson*, for the demandants, to the point, that the mortgage was void, because it was executed, *acknowledged* and *recorded* on Sunday evening, cited *St.* 1791, c. 58 ; *Story* v. *Elliot*, 8 Cowen, 28 ; *Swann* v. *Broome*, 3 Burr. 1595 ; *Mackalley's case*, 9 Co. 66 *b* ; *Swan* v. *Broome*, 1 W. Bl. 496 ; Com. Dig. *Temps*, B 3 ; *Morgan* v. *Richards*, 1 Browne's (Penn.) R. 171 ; *Fox* v. *Abel*, 2 Connect. R. 541 ; *Van Vechten* v. *Paddock*, 12 Johns. R. 178 ; *Butler* v. *Kelsey*, 15 Johns. R. 177 ; *Hoghtaling* v. *Osborn*,

15 Johns. R. 119 ; *Field* v. *Park*, 20 Johns. R. 140 ; *Dela-mater* v. *Miller*, 1 Cowen, 76.

*Briggs*, *Bishop* and *Byington*, for the tenant, cited to the same point, *Pearce* v. *Atwood*, 13 Mass. R. 324 ; *St.* 1783, c. 60, § 1.

PUTNAM J. drew up the opinion of the Court. It is contended for the demandants, that the mortgage was void, because it was made, executed, acknowledged and recorded on Sunday evening  and also, because no record of the deed was made before the deed was withdrawn from the office of the register on Monday, May 28, 1832, about 2 o'clock, P. M., and returned back on Wednesday, May 30, about 10 o'clock, after which it was in fact recorded. The facts last stated appear from the certificate of the register of deeds.

In regard to the objection first mentioned, that the mortgage deed was made, executed, acknowledged and recorded on Sunday evening, we are all of opinion, that it cannot prevail. The *St.* 1791, *c.* 58, providing for the due observance of the Lord's day, and reciting that some thoughtless and irreligious persons, inattentive to the duties and benefits of the Lord's day, profane the same by unnecessarily pursuing their worldly business and recreation on that day, to their own great damage as members of a christian society, to the great disturbance of well disposed persons, and to the great damage of the community, by producing dissipation of manners and immoralities of life, provides in § 1, that no person shall do any manner of business or work (*works of necessity and charity only excepted*) on the Lord's day, under a penalty.

But by § 4, of the statute before cited, the regulations as to work and labor extend to the time included between the midnight preceding and the sunsetting of the same day.

This deed was begun on Sunday evening and executed about 10 o'clock of the same evening. The recording must necessarily have been after that hour. So far therefore as it is to be considered as work and labor, it is not performed within the time prohibited by the statute. But it is contended, that as by § 9, no person shall execute any civil process from midnight preceding to midnight following the Lord's day, and such service thereof shall be void, that the giving a secu-

Tracy
*v.*
Jenks,

rity by mortgage should be considered as prohibited within and during the time that the service of civil process is prohibited. It is sufficient to say, in answer, that the service of civil process is the only work and labor that is prohibited after the sunsetting of the Lord's day, and that the making or giving a mortgage is not civil process or the serving of civil process.

As to the second objection, that the deed was taken from the office on Monday afternoon, before it was in fact recorded, we all think that there is no legal evidence of the fact. The original certificate of the register of deeds, that it was received and recorded on May 27, 1832, is to be taken to be conclusive, as between creditors. At the very time when the attachment was made, the deed remained in the office. It is not competent for the demandants to disprove the original certificate of the register. If there has been any mal-conduct on his part, (which we do not impute at all,) he is answerable to those who suffer from it.

The result is, that upon the facts in the case, the Court are all of opinion, that the demandants must recover one undivided half only, of the demanded premises.